UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DRUG FAIR GROUP, INC., *et al.*,[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 09-10897 (BLS)<br>(Jointly Administered) |
| CLIFFORD ZUCKER, AS PLAN ADMINISTRATOR FOR DRUG FAIR GROUP, INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GREETINGS,<br><br>Defendant. | Adv. Proc. No. 11-  _____ |

**PLAN ADMINISTRATOR'S COMPLAINT TO AVOID AND
RECOVER PREFERENTIAL TRANSFERS PURSUANT TO
<u>11 U.S.C. §§ 547 AND 550 AND FOR OTHER RELATED RELIEF</u>**

Clifford Zucker, as Plan Administrator (the "Plan Administrator") of the First Modified Chapter 11 Plan of Liquidation (the "Plan") of Drug Fair Group, Inc., *et al.* (the "Debtors"), by and through his undersigned counsel, hereby brings this complaint (the "Complaint") to avoid and recover preferential transfers against American Greetings (the "Defendant"), and alleges as follows:

---

[1] The Debtors in this case are Drug Fair Group, Inc. f/k/a Community Distributors, Inc. and CDI Group, Inc.

1

## NATURE OF THE ACTION

1. The Plan Administrator brings this action against the Defendant pursuant to 11 U.S.C. §§ 547(b) and 550 to avoid and recover certain preferential transfers that occurred during the 90-day period (the "Preference Period") prior to the commencement of the Debtors' bankruptcy proceeding. The Plan Administrator further seeks to disallow any claims by the Defendant against the Debtors pursuant to 11 U.S.C. §502(d) and section 8.6(c) of the Plan.

## THE PARTIES

2. The Plan Administrator is the duly appointed administrator of the Debtors' Plan pursuant to the Plan, the order confirming the Plan entered on June 7, 2010 (the "Confirmation Order") and the Plan Administrator Agreement by and between the Debtors, the Official Committee of Unsecured Creditors of the Debtors and the Plan Administrator (the "Plan Administrator Agreement") effective as of September 1, 2010 (the "Effective Date"). The Plan Administrator has the sole authority to pursue all claims and causes of action belonging to the Debtors prior to the Effective Date.

3. Upon information and belief, the Defendant is a business, organized under the laws of the State of Ohio, with its principal place of business located at 2890 Robinson Center Drive, Pittsburgh, PA 15205.

## JURISDICTION AND VENUE

4. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding has been brought in accordance with Rules 7001(1) and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)").

6. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (F)

and (O).

7.      Venue lies properly before the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

8.      The statutory predicates for the relief requested herein are sections 105, 502(d), 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code").

## FACTUAL BACKGROUND

**General Case Background**

9.      On March 18, 2009 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  Until the Effective Date of the Plan, the Debtors remained in possession of their assets and managed their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10.     On April 20, 2010, the Debtors filed their Disclosure Statement with respect to the Plan (the "Disclosure Statement").

11.     On April 21, 2010, the Bankruptcy Court entered an order approving the Debtors' Disclosure Statement, and the Plan was thereafter circulated to creditors and parties in interest to solicit votes in acceptance thereof.

12.     On June 7, 2010, the Bankruptcy Court entered the Confirmation Order.

13.     By virtue of the Confirmation Order, and upon the Effective Date, Clifford Zucker, as Plan Administrator, became the sole successor to the rights and interests of the Debtors prior to the Effective Date.

14.     Pursuant to the Confirmation Order and in accordance with the Plan, the Debtors transferred to the Plan Administrator—among other assets, interests, and rights—all claims and causes of action that the Debtors had the right and power to assert under Chapter 5 of the Bankruptcy Code, including the causes of action of the within Complaint.

15.     Accordingly, upon the Effective Date, the Plan Administrator was empowered to file, initiate, compromise, and settle all causes of action involving the Debtors' assets, and to compromise claims asserted against or on behalf of the Debtors. All of the Debtors' causes of action have been expressly preserved in full for the benefit of the Debtors' estates and the Debtors' creditors.

**The Relationship Between the Debtors and Defendant**

16.     Before the Petition Date, the Debtors were the largest regional drug store chain focused primarily on the northern & central New Jersey market and the twenty-second largest pharmacy chain in the United States. To that end, the Debtors relied on numerous entities to provide the Debtors with goods and services. One of these entities was the Defendant.

17.     Throughout the course of the relationship between Drug Fair Group, Inc. ("Drug Fair") and the Defendant, the parties engaged in several transactions, which are reflected in invoices, communications, and other documents (collectively, the "Defendant's Agreements").

18.     Prior to the Petition Date, Drug Fair purchased goods from the Defendant pursuant to the Defendant's Agreements.

19.     Drug Fair and the Defendant conducted business with one another leading up to the Petition Date, including the Preference Period, under the Defendant's Agreements.

20.     During the ordinary course of Drug Fair's business, Drug Fair maintained books and records of its transactions with the Defendant.

**Transfers to the Defendant Made Within 90 Days Prior to the Petition Date**

21.     During the Preference Period, Drug Fair transferred property to or for the benefit of the Defendant in an amount not less than $100,000.00.

22.     A list identifying each and every transfer made by Drug Fair to the Defendant

during the Preference Period is attached hereto as Exhibit "A" and incorporated herein by reference (collectively, the "Transfers").

## FIRST COUNT
(<u>Avoidance of Transfers—11 U.S.C. § 547</u>)

23.     The Plan Administrator repeats and realleges each and every allegation contained above as if set forth at length herein.

24.     The Defendant was a creditor of Drug Fair at the time of each of the Transfers, as per the Debtors' books and records.

25.     The Transfers constitute transfers of Drug Fair's interests in property and were made to or for the benefit of the Defendant or another creditor of Drug Fair.

26.     As per the Debtors' books and records, the Transfers were made for or on account of an antecedent debt owed by Drug Fair to the Defendant before each of the Transfers was made.

27.     Based on Drug Fair's excessive liabilities as compared to its assets, both leading up to and during the Preference Period, the sum of Drug Fair's debts outweighed the value of Drug Fair' property on the dates of each of the Transfers.

28.     Unless avoided, the Transfers will enable the Defendant to receive more than the Defendant would have received if (a) the case were a case under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant received payments for such debt to the extent provided by the provisions under the Bankruptcy Code.

29.     As a result, the Transfers made by Drug Fair to the Defendant must be avoided pursuant to section 547(b) of the Bankruptcy Code.

**WHEREFORE**, the Plan Administrator respectfully requests the entry of judgment against the Defendant deeming the Transfers to be avoidable transfers pursuant to section 547(b)

of the Bankruptcy Code.

## SECOND COUNT
### (Recovery of Transfers—11 U.S.C. § 550)

30. The Plan Administrator repeats and realleges each and every allegation contained above as if set forth at length herein.

31. The Defendant was either (i) the initial transferee of the Transfers, (ii) the entity for whose benefit the Transfers were made, or (iii) an immediate or mediate transferee of the Transfers.

32. Each of the Transfers that is avoided under section 547(b) of the Bankruptcy Code is recoverable pursuant to section 550 of the Bankruptcy Code.

33. Subject to defenses to the extent applicable, the Plan Administrator is entitled to recover the value of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

**WHEREFORE**, the Plan Administrator respectfully requests the entry of judgment against the Defendant directing the Defendant to immediately pay to the Plan Administrator the sum of $100,000.00, together with pre- and post-judgment interest, pursuant to section 550 of the Bankruptcy Code.

## THIRD COUNT
### (Disallowance of Claim—11 U.S.C. § 502)

34. The Plan Administrator repeats and realleges each and every allegation contained above as if set forth at length herein.

35. The Plan Administrator has demanded repayment of the Transfers prior to filing the Complaint.

36. The Defendant has failed and refused to turn over to the Plan Administrator the value of the Transfers, or to otherwise repay the Transfers.

37. Accordingly, any claim(s) of the Defendant against the Debtors must be

disallowed under section 502(d) of the Bankruptcy Code and section 8.6(c) of the Plan until the Defendant pays to the Plan Administrator the value of the Transfers.

38. Therefore, pursuant to section 502(d) of the Bankruptcy Code and section 8.6(c) of the Plan, the Plan Administrator is entitled to entry of judgment disallowing, waiving, discharging, and barring any claim(s) that the Defendant may hold against the Debtors.

**WHEREFORE**, the Plan Administrator respectfully requests the entry of judgment against the Defendant disallowing, waiving, discharging, and barring any claims of the Defendant against the Debtors pursuant to section 502(d) of the Bankruptcy Code and section 8.6(c) of the Plan.

## RESERVATION OF RIGHTS

39. The Plan Administrator has included all known applicable avoidance claims under Chapter 5 of the Bankruptcy Code and related causes of action that the Plan Administrator holds against the Defendant in this Complaint.

40. It is the Plan Administrator's intention to avoid and recover all Transfers of the Debtors' interests in property to or for the benefit of the Defendant or any other transferee. During the course of this adversary proceeding, the Plan Administrator may learn through discovery or otherwise of additional Transfers made to the Defendant.

41. The Plan Administrator therefore reserves its right to amend the Complaint to include, but not limited to: (i) further information regarding the Transfers; (ii) additional Transfers; (iii) modifications or revisions to the Defendant's name or information; (iv) additional defendants; and/or (v) additional causes of action arising under Chapter 5 of the Bankruptcy Code (collectively, the "Amendments"). The Amendments shall relate back to the Complaint.

Date: March 15, 2011	BIFFERATO GENTILOTTI LLC

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel (DE No. 4167)
Mary E. Augustine (DE No. 4477)
800 North King Street, Plaza Level
Wilmington, DE 19801
Telephone: (302) 429-1900
Facsimile:  (302) 429-8600
Email: gmcdaniel@bglawde.com
　　　　maugustine@bglawde.com

　　　　-and-

MITNICK & MALZBERG, P.C.
Steven Mitnick, Esq.
P. O. Box 429
Frenchtown, NJ 08825
Telephone: (908) 996-3716
Facsimile: (908) 996-7743
Email: smitnick@mmpclawfirm.com

*Counsel for Clifford Zucker, as Plan Administrator for Drug Fair Group, Inc., et al.*